# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BALLARD, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATIONS OF** |
| | ) | **THE FEDERAL SECURITIES LAWS** |
| SCIENCE 37 HOLDINGS, INC., DAVID | ) | |
| COMAN, ROBERT FAULKNER, | ) | JURY TRIAL DEMANDED |
| BHOOSHITHA B. DE SILVA, JOHN W. | ) | |
| HUBBARD, EMILY ROLLINS, NEIL | ) | |
| TIWARI, and PAUL VON AUTENRIED, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff William Ballard ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Science 37 Holdings, Inc. ("Science 37" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by eMed, LLC ("eMed").[1]

2.      On January 28, 2024, Science 37 entered into an Agreement and Plan of Merger (the "Merger Agreement") with eMed and its wholly owned subsidiary Marlin Merger Sub

---

[1] The proposed acquisition of the Company will be referred to herein as the "Proposed Transaction."

Corporation ("Purchaser").  The Merger Agreement provides that eMed will acquire Science 37 in exchange for $5.75 in cash per share of Science 37 common stock, via a tender offer (the "Tender Offer").[2]

3.     The Company's corporate directors subsequently authorized the February 12, 2024, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC.  The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4.     It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant

---

[2] Purchaser commenced the Tender Offer on February 12, 2024.

[3] The Tender Offer is currently scheduled to expire at 12:00 Midnight, New York City time, at the end of the day of Monday, March 11, 2024.

to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.    This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9.    Plaintiff is, and has been at all times relevant hereto, the owner of shares of Science 37 common stock.

10.    Defendant Science 37 is a Delaware corporation with its principal executive offices located at 800 Park Offices Drive, Suite 3606, Research Triangle Park, North Carolina 27709. Science 37's shares trade on the Nasdaq Capital Market under the ticker symbol "SNCE."  Science 37 is a leader in patient-centric clinical trials, providing customers with a platform to empower clinical research while optimizing the experience and outcomes for patients and researchers. Through the Company's Metasite offerings, Science 37 reaches an expanded population beyond the traditional site, delivering on its goal of clinical research that works for everyone.  Patients gain the flexibility to participate from the comfort of their own homes, at their local community provider, or at a traditional site when needed.  The Company's Metasite platform is powered by a proprietary technology platform with in-house medical and operational experts that drive uniform study orchestration, enabling greater compliance and high-quality data.

11.     Defendant David Coman is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

12.     Defendant Robert Faulkner is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

13.     Defendant Booshitha B. De Silva is and has been a director of the Company at all times relevant hereto.

14.     Defendant John W. Hubbard is and has been a director of the Company at all times relevant hereto.

15.     Defendant Emily Rollins is and has been a director of the Company at all times relevant hereto.

16.     Defendant Neil Tiwari is and has been a director of the Company at all times relevant hereto.

17.     Defendant Paul von Autenried is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On January 29, 2024, Science 37 announced in relevant part:

**Research Triangle Park, NC –** January 29, 2024 – Science 37 Holdings, Inc. (Nasdaq: SNCE) (the "Company" or "Science 37"), the clinical research industry's leading Metasite$^{TM}$, today announced that it has entered into a definitive merger agreement to be acquired by eMed, LLC ("eMed"), the leader in on-demand virtual care and treatment for consumers.  With the most authoritative in-home testing and treatment solution available across a variety of indications, the largest real-time network of certified remote proctors, and Test-to-Treat$^{TM}$ technology that streamlines the patient enrollment process, eMed brings significant resources to

enhance Science 37's ability to access unique patients, enroll studies faster, and ensure long-term sustainability.

The transaction, which has been unanimously approved by Science 37 Board of Directors, is valued at an equity value of approximately $38 million and will be structured as an all-cash tender offer to acquire all outstanding shares of Science 37. Under the terms of the agreement, eMed, through its wholly owned subsidiary, will commence a tender offer to acquire all outstanding shares of Science 37 common stock for $5.75 in cash per share, representing a premium of approximately 21.3% over Science 37's closing share price on the 26th of January, 2024, the last full trading day prior to the transaction announcement. In connection with the transaction, Stockholders collectively holding approximately 44% of the outstanding shares of common stock have entered into Tender and Support Agreements pursuant to which such stockholders have agreed, among other things, to tender all of their shares of the company in response to the tender offer and otherwise support the transaction, subject to certain exceptions and customary terms and conditions set forth therein.

"After an extensive review of opportunities available to Science 37, we believe that eMed provides the greatest value to our stockholders, customers, patients, and employees" said David Coman, Chief Executive Officer at Science 37. "Stockholders will receive a premium, trial sponsors will gain greater access to patients, faster enrollment, and confidence in the Company's capital position, and our employees will be able to continue to pursue the existing mission of the Company."

The transaction is subject to the tender of a majority of Science 37's outstanding shares of common stock, and other customary closing conditions. Upon completion of the transaction, Science 37 will become a privately held company and shares of Science 37 common stock will no longer be listed on any public market. The parties anticipate that the transaction will be completed in the first quarter of 2024.

William Blair & Company, L.L.C. is serving as exclusive financial advisor to Science 37, and Thompson Hine LLP is serving as legal advisor. Hogan Lovells US LLP is serving as legal advisor to eMed.

## The Materially Incomplete and Misleading Solicitation Statement

20.     The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on February 12, 2024. The Solicitation Statement, which recommends that Science 37 stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial

analyses that support the fairness opinion provided by the Company's financial advisor, William Blair & Company, L.L.C. ("William Blair"); (c) the background of the Proposed Transaction; and (d) potential conflicts of interest faced by William Blair and Company insiders.

***Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts***

21.     The Solicitation Statement fails to disclose material information concerning the financial forecasts for the Company, including the unlevered free cash flows that the Company was forecasted to generate for the fiscal years ending December 31, 2024, through December 31, 2028.[4]

22.     The Solicitation Statement further fails to disclose fails to disclose the line items underlying the Company's forecasted Adjusted Gross Profit and Adjusted EBITDA with respect to each of the Company's "November 2023 Projections," "December 2023 Projections," and "January 2024 Projections."

***Material Misrepresentations and/or Omissions Concerning William Blair's Financial Analyses***

23.     The Solicitation Statement fails to disclose material information concerning William Blair's financial analyses.

24.     As to the *Discounted Cash Flow Analysis* performed by William Blair, the Solicitation Statement fails to disclose: (a) the Company's calendar year 2028 expected revenue; (b) its net cash as of December 31, 203; and (c) Science 37's fully diluted outstanding shares as used in the analysis.

---

[4] Notably, William Blair relied upon these forecasts in connection with its *Discounted Cash Flow Analysis*. *See* Solicitation Statement at 41.

25.     As to the *M&A Premiums Paid Analysis* performed by William Blair, the Solicitation Statement fails to disclose the respective transactions observed and the corresponding premium for each.

**Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction**

26.     The Recommendation Statement fails to disclose material information concerning the background leading to the Proposed Transaction, including whether the standstill provisions in the nondisclosure agreements Science 37 executed with parties identified in the Solicitation Statement as "Party A," "Party B," "Party C," "Party D," "Party E," "Party F," "Party G," and "Party H" are "don't-ask, don't-waive" standstill provisions that are still in effect and operate to preclude any of these parties from submitting a topping bid for the Company.

**Material Misrepresentations and/or Omissions Concerning William Blair's and Company Insiders' Potential Conflicts of Interest**

27.     The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by William Blair, including the details of any services William Blair has performed for Science 37, eMed or any of their respective affiliates in the two years prior to rendering its fairness opinion, as well as the amount of any compensation received in connection with such services.

28.     The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of eMed's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

29.     The Solicitation Statement also fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Science 37 directors and

executive officers and EMed, who participated in all such communications, when they occurred and their content.

30.     The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Information," "Opinion of William Blair & Company, L.L.C.," "Background of the Offer and the Merger," and "Future Arrangements" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.

31.     Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Science 37 will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

32.     Plaintiff repeats all previous allegations as if set forth in full.

33.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Science 37 stockholders to tender their shares in the Tender Offer.

34.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

36.     SEC Rule 14d-9 sets forth, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

37.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

38.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

39.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Science 37, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

41.     Plaintiff repeats all previous allegations as if set forth in full.

42.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

43.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Science 37 stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial forecasts for the Company, William Blair's financial analyses, the background of the Proposed Transaction, and potential conflicts of interest faced by William Blair and Company insiders.

44.     Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

45.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## **COUNT III**

### **Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46.     Plaintiff repeats all previous allegations as if set forth in full.

47.    The Individual Defendants acted as controlling persons of Science 37 within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Science 37, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Solicitation Statement.

50.    In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Solicitation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

51.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.   As a direct and proximate result of defendants' conduct, Science 37 stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated February 14, 2024                           **LONG LAW, LLC**

                                        By: */s/ Brian D. Long*
                                        Brian D. Long (#4347)
                                        3828 Kennett Pike, Suite 208
                                        Wilmington, DE 19807
                                        Telephone: (302) 729-9100
                                        Email: BDLong@LongLawDE.com

                                        *Attorneys for Plaintiff*